UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES G. NEEDHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-01492-RLY-MJD |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT & RECOMMENDATION**

James G. Needham ("Needham") requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). *See* 42 U.S.C. §§ 416(i), 423(d), 1382c(a)(3)(A). For the reasons set forth below, the Magistrate Judge recommends that the District Judge **REVERSE** and **REMAND** the decision of the Commissioner.

**I.    Background**

Needham filed an application for DIB and SSI on April 15, 2014, alleging an onset of disability date of July 21, 2012. [Dkt. 13-6 at 2.] Needham alleges disability due to back pain, degenerative disc disease, chronic headaches, arthritis, depression, fibromyalgia, gout and compression fractures in the back.[1] [Dkt. 13-7 at 8.] Needham's application was initially denied

---

[1] Needham and the Commissioner recited the relevant factual and medical background in more detail in their opening briefs. [*See* Dkt. 15; Dkt. 16.]  Because these facts involved Needham's confidential and otherwise sensitive

1

on June 20, 2014, and denied again on September 10, 2014, upon reconsideration. [Dkt. 13-5 at 13–30.] Needham timely filed a written request for a hearing, which was held on February 17, 2016, before Administrative Law Judge Albert J. Velasquez (the "ALJ"). [Dkt. 13-2 at 31.] The ALJ issued a decision on March 11, 2016, again denying Needham's application for DBI and SSI. [Dkt. 13-2 at 28.] On March 9, 2017, the Appeals Council denied Needham's request for review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. [Dkt. 13-2 at 2.] Needham timely filed his Complaint with this Court on May 8, 2017, which Complaint is now before the Court. [Dkt. 1.]

## II. Legal Standard

To be eligible for DIB or SSI, a claimant must have a disability pursuant to 42 U.S.C. § 423.[2] Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, the Commissioner, as represented by the ALJ, employs a five-step sequential analysis: (1) if the claimant is engaged in substantial gainful activity, he is not disabled; (2) if the claimant does not have a "severe" impairment, one that significantly limits his ability to perform basic work activities, he is not disabled; (3) if the claimant's impairment or combination of impairments meets or medically equals any impairment

---

medical information, the Court will incorporate by reference the factual background in the parties' briefs but will articulate specific facts as needed below.

[2] In general, the legal standards applied in the determination of disability are the same regardless of whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for Disability Insurance Benefits and Supplemental Security Income claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provisions as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

appearing in the Listing of Impairments, 20 C.F.R. pt. 404, subpart P, App. 1, the claimant is disabled; (4) if the claimant is not found to be disabled at step three and he is able to perform his past relevant work, he is not disabled; and (5) if the claimant is not found to be disabled at step three and cannot perform his past relevant work but he can perform certain other available work, he is not disabled. 20 C.F.R. § 404.1520. Before proceeding from step three to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"), identifying the claimant's functional limitations and assessing the claimant's remaining capacity for work-related activities. S.S.R. 96-8p.

The ALJ's findings of fact are conclusive and must be upheld by this Court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* This Court may not reweigh the evidence or substitute its judgment for that of the ALJ but may only determine whether substantial evidence supports the ALJ's conclusion. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008) (citing *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007)). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (citing *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985); *Zblewski v. Schweiker*, 732 F.2d 75, 79 (7th Cir. 1984)). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). To be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into his reasoning" and "build an accurate and logical bridge from the evidence to [his] conclusion." *Dixon*, 270 F.3d at 1176.

### III. The ALJ's Decision

The ALJ first determined that Needham has not engaged in substantial gainful activity since July 21, 2012, the alleged onset date. [Dkt. 13-2 at 33.] At step two, the ALJ determined that Needham "has the following severe impairments: degenerative disc disease, remote history of compression fractures of back, fibromyalgia, and anxiety/depression." [*Id.*] However, at step three, the ALJ found that Needham does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [Dkt. 13-2 at 34.] In making this determination, the ALJ considered Listings 1.04 (Disorders of the spine), 12.04 (Depressive, bipolar, and related disorders), and 12.06 (Anxiety and obsessive-compulsive disorders). [Dkt. 13-2 at 34–36.]

The ALJ next analyzed Needham's residual functional capacity ("RFC"). He concluded that Needham had the RFC to perform a range of light work except:

> [L]ift/carry 20 pounds occasionally and 10 pounds frequently; stand and walk for a total of 6 hours per 8-hour workday; sit for 6 hours per workday; no climbing ropes, ladders, or scaffolds; no more than occasional climbing stairs or ramps; no kneeling or crawling; no overhead work; avoid work at unprotected heights, around dangerous moving machinery, operating a motor vehicle around open flames, or around large bodies of water; work should be such that it can be learned in 30 days or less or by demonstration; and should not require more than superficial interaction with the public, coworkers, or supervisors.

[Dkt. 13-2 at 36.] In finding these limitations, the ALJ considered Needham's "symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." [Dkt. 13-2 at 36.] At step four, the ALJ concluded that Needham is unable to perform any past relevant work. [Dkt. 13-2 at 40.] The ALJ proceeded to step five, at which time he received testimony from the vocational expert indicating that someone with Needham's age, education, work experience, and RFC would be able to perform

4

unskilled light occupations such as small product assembler, produce sorter, and baker helper. [Dkt. 13-2 at 41.] Because these jobs existed in significant numbers in the national economy, the ALJ concluded that Needham was not disabled. [*Id.* at 41–42.]

### IV. **Discussion**

Needham asserts that the ALJ committed two errors that require remand: (1) the ALJ failed to evaluate the extent to which Needham's fibromyalgia limited his functional capabilities; and (2) the ALJ erred in his credibility determination.

Needham first argues that the ALJ's analysis regarding fibromyalgia and the listings was inadequate. SSR 12-2p provides that an ALJ should follow the two-step process set forth in SSR 96-7p when evaluating a person's statements about his fibromyalgia symptoms and functional limitations. SSR 12-2p, 2012 WL 3104869 (July 25, 2012). Under SSR 12-2p, once the ALJ determines that a claimant has a severe medically determinable impairment of fibromyalgia, the ALJ must "evaluate the intensity and persistence of the [claimant's] pain or any other symptoms and determine the extent to which the symptoms limit the [claimant's] capacity for work." *Id.* The Seventh Circuit has explained that a diagnosis of fibromyalgia, by itself, is not sufficient to establish that a person is disabled. *Sarchet v. Chater*, 78 F.3d 305, 306–07 (7th Cir. 1996). However, when the record evidences that a claimant had been diagnosed with fibromyalgia, the ALJ must evaluate the extent to which the claimant's fibromyalgia limited his functional capabilities. *Dietrich v. Colvin*, No. 14–CV–1202–PP, 2016 WL 1257922, at \*3 (E.D. Wis. Mar. 30, 2016) (citing *Aquino v. Colvin*, No. 12–C–4557, 2014 WL 7190890, at \*11 (N.D. Ill. Dec. 16, 2014) ("There is substantial evidence that Plaintiff suffered from fibromyalgia … Accordingly, the ALJ was required to evaluate the intensity, persistence, and limiting effects of this condition.")).

5

Here, the ALJ found at step two that Needham has a severe medically determinable impairment of fibromyalgia. [Dkt. 13-2 at 33.] The ALJ then found that:

> Because there is no listing for fibromyalgia, the undersigned has specifically considered the claimant's fibromyalgia singly and in combination with all other impairments, and it does not meet the requirements of any other listings, and is not medically equivalent to any of the impairments in the listings.

[Dkt. 13-2 at 34.] Beside this conclusory statement, the ALJ offered no evidence in the record to support his conclusion—despite citing several pieces of evidence in the record that indicates a diagnosis of fibromyalgia. [*See* Dkt. 13-2 at 37–40.] The Court is left to guess about how the ALJ factored Needham's fibromyalgia into his decision that Needham was not disabled. *See Dietrich*, 2016 WL 1257922, at *3; *see also Kinard v. Colvin*, No. 13–C–4363, 2015 WL 2208177, at *3 (N.D. Ill. May 7, 2015) ("[T]here is clear evidence in the record that indicates a diagnosis of fibromyalgia, and thus the duty rests with the ALJ—not this Court or the Commissioner—to analyze, discuss, and weigh the value of that evidence in light of SSR 12-2p….The ALJ did not do that here, and therefore the Court cannot conclude that his decision is based on substantial evidence.").

As stated above, to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into his reasoning" and "build an accurate and logical bridge from the evidence to [his] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). The ALJ failed to meet his burden here. On remand, the ALJ shall evaluate the intensity, persistence, and limiting effects of Needham's fibromyalgia and explain how the evidence is consistent with his conclusion.

Needham next argues that the ALJ failed to adequately explain the adverse credibility determination against him. Because the Court finds that the ALJ failed to properly evaluate the intensity, persistence, and limiting effects of Needham's fibromyalgia, there is no need to discuss Needham's second argument that the ALJ erred in his credibility determination.

### V.     Conclusion

The standard of review of the Commissioner's denial of benefits is narrow. The Court reviews the record as a whole, but does not re-weigh the evidence or substitute its judgment for the ALJ's. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). Where, as here, the ALJ did not build a logical bridge between the evidence in the record and the ALJ's conclusion, the Court must **remand**. As the Court cannot find a complete logical bridge in the ALJ's five-step sequential analysis, the Court recommends that the Commissioner's decision be vacated and **REMANDED** for further proceedings.

### Notice Regarding Exceptions

Within fourteen days of being served with a copy of this report and recommendation, either party may serve and file specific written objections thereto. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2). A district judge shall make a *de novo* determination of those portions of the report and recommendation to which objections are made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3). Failure to file an objection might result in forfeiture of the right to *de novo* determination by a district judge and to review by the court of appeals of any portion of the report and recommendation to which an objection was not filed. *Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011); *United States v. Pineda-Buenaventura*, 622 F.3d 761, 777 (7th Cir. 2010); *Schur v. L. A. Weight Loss Centers, Inc.*, 577 F.3d 752, 761 n.7 (7th Cir. 2009); *Kruger v.*

*Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Davis v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Dated: 16 APR 2018

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov